UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Jorge Abelardo Ortiz Toapanta,
Petitioner

v. Case No. 26-cv-769-SM-AJ

FCI Berlin, Warden, et al.,
Respondents

**O R D E R**

Pro se petitioner, Jorge Abelardo Ortiz Toapanta, is a civil immigration detainee from Ecuador. He brings this habeas corpus petition alleging that he is being detained in violation of the Due Process Clause of the Fifth Amendment. See generally 28 U.S.C. § 2241. He seeks an order from the court directing respondents to release him immediately from ICE custody or, in the alternative, an order directing the federal respondents to provide him with a prompt, constitutionally adequate bond hearing before a neutral decisionmaker.

In its order dated September 30, 2026, the court noted that the government acknowledges that "the factual circumstances of Petitioner's case are governed by Guerrero Orellana v. Moniz, 813 F. Supp. 3d 185 (D. Mass. 2025), aff'd, 2026 WL 2352042 (1st

Cir. Aug. 13, 2026)" and it concedes that petitioner "is, therefore, eligible for a bond hearing 'upon request' in the Immigration Court." Court Order (document no. 6) at 2. But, the court also noted that petitioner had not yet requested such a hearing - at least not administratively, through the DHS liaison at FCI Berlin. Accordingly, the court directed petitioner to make such a request and ordered the government to notify the court of the outcome of petitioner's bond hearing on or before November 2, 2026.

On November 2, 2026, the government moved to dismiss the petition as moot, on grounds that petitioner has not filed an administrative request for a bond hearing. On November 17, based upon the mistaken belief that petitioner had, in the interim, sought a bond hearing, the court denied that motion and directed the government to file another status update on or before December 2, 2026. See Order dated November 17, 2026 (document no. 10). In response, the government informed the court of its error and reaffirmed that, at least as of November 17, 2026, petitioner had not administratively requested a bond hearing.

It is unclear why petitioner has not submitted an administrative request for a bond hearing through the DHS

liaison at FCI Berlin or otherwise. There are many potential explanations for such a failure by a pro se litigant, but it is nonetheless plain that he wants such a hearing. As he notes in his petition,

> I have no final order of removal and my immigration proceedings remain pending. I have an asylum case and have been participating in the immigration process rather than avoiding it. I seek to continue pursuing my immigration case while at liberty and am not asking this Court to decide my asylum claim. My present confinement prevents me from returning home, working, supporting myself, and pursuing my pending case while free.

Petition (document no. 1) at 7 of 9.

## Conclusion

The petitioner wants a bond hearing and has moved this court to order the government to provide one. The government acknowledges that he is entitled to one. Yet, such a hearing has not been provided because petitioner - for unexplained reasons - has not formally submitted an administrative request for one through the DHS liaison at FCI Berlin or directly with the Immigration Court.

The respondents' have not provided sufficient reason to prolong the petitioner's deprivation of rights by requiring him to file an administrative request directly with the Immigration

Court. Given the unusual circumstances presented, and because petitioner is attempting to navigate this complex arena without the benefit of legal counsel, the court hereby directs the government to provide petitioner with a constitutionally adequate bond hearing before an IJ as soon as practicable, at which the government will bear the burden to either: (1) prove by a preponderance that petitioner is a flight risk; or (2) prove by clear and convincing evidence that he poses a danger to the community. See Destino v. FCI Berlin, Warden, No. 1:25-CV-374-SE-AJ, 2025 WL 4010424, at *8 (D.N.H. Dec. 24, 2025). See also Hernandez-Lara v. Lyons, 10 F.4th 19, 41 (1st Cir. 2021).

If the government fails to provide a bond hearing, the court will set appropriate terms and conditions of the petitioner's release during the pendency of his removal proceedings.

To the extent petitioner seeks an order directing his immediate release, that request is denied without prejudice. The court finds that a bond hearing before an IJ is sufficient to protect his rights at this stage.

The government shall file a status report within fourteen days. Finally, the court hereby vacates its order dated

November 17, 2026 (document no. 10) (mistakenly believing that petitioner had administratively requested a bond hearing at FCI Berlin).

**SO ORDERED.**

Steven J. McAuliffe
United States District Judge

November 19, 2026

cc: Jorge Abelardo Ortiz Toapanta, pro se
Counsel of Record